KRUSE ET AL., APPELLANTS, *v.* HOLZER ET AL., APPELLEES.

(No. 86AP-621—Decided December 31, 1986.)

*James A. Meaney,* for appellants.
*F. David Resch,* for appellees.
*Anthony J. Celebrezze, Jr.,* attorney general, *Ric S. Sheffield* and *Alys M. Portman,* for *amicus curiae.*

TYACK, J. On January 9, 1984, John and Sandra Kruse, plaintiffs-appellants herein, entered into a contract for the purchase of a condominium owned and built by Summertree Homes, Inc. Before entering into the contract, the Kruses apparently inquired of Holzer-Wollam Realtors, Inc. ("Holzer-Wollam"), the brokerage firm representing the seller, as to the solvency of Summertree Homes, Inc. and its ability to convey clear title. The Kruses purportedly were told that the builder/seller was solvent, that no liens were attached to the property, and that no lawsuits were pending against Summertree.

The Kruses paid a deposit of $2,500. Under the contract the Kruses were to lease the condominium for a period of up to twelve months before closing. Upon moving into the condominium they discovered a number of

things not to their liking, including the fact that Summertree was none too solvent and that Max W. Holzer of Holzer-Wollam was initiating a lawsuit against Summertree and others to foreclose on mortgages owned by him.

John and Sandra Kruse then hired counsel and began attempting to negotiate a rescission of the contract and reimbursement of their expenses, including the value of certain improvements they had made to the condominium. While these negotiations were in progress, Holzer-Wollam apparently attempted to comply for the first time with certain portions of R.C. Chapter 5311 related to "Condominium Property." After the Kruses hired new counsel an agreement rescinding the contract and allowing return of most of the deposit was negotiated. The agreement reserved to the Kruses any claims they otherwise had against Holzer-Wollam and Max Holzer.

On March 26, 1985, the Kruses filed an action in the Court of Common Pleas of Franklin County against Max W. Holzer, Holzer-Wollam and Summertree Homes, Inc., defendants-appellees herein. The action included claims under R.C. Chapter 5311, breach of express warranty, breach of contract, and fraud. The complaint was later amended to add a claim related to the failure to return the balance of the security deposit for the lease period in which the Kruses occupied the condominium.

The defendants ultimately filed a motion for summary judgment. The trial court granted summary judgment in a decision which only addressed its interpretation of R.C. 5311.27. After journalization of the trial court's decision, the plaintiffs appealed, assigning two errors for consideration:

"I. The trial court erred in granting summary judgment to the appellees by holding that the remedies set forth in section 5311.27(B) of the Ohio Revised Code were available only to actual purchasers and were not available to prospective condominium purchasers.

"II. The trial court erred in granting summary judgment to the appellees without giving consideration to plaintiffs-appellants' cause of action for fraud and misrepresentation."

The first assignment of error asks this court to interpret R.C. 5311.27, which reads in pertinent part:

"(A) In addition to any other remedy available, a contract or agreement for the sale of a condominium ownership interest that is executed in violation of section 5311.25 or 5311.26 of the Revised Code shall be voidable by the purchaser for a period of fifteen days after the date of sale of the condominium ownership interest or fifteen days after the date upon which the purchaser executes a document evidencing receipt of the information required by section 5311.26 of the Revised Code, whichever occurs later. Upon exercise of this right to void the contract or agreement, the developer or his agent shall refund fully and promptly to the purchaser any deposit or other prepaid fee or item and any amount paid on the purchase price, and shall pay all closing costs paid by the purchaser or for which he is liable in connection with the void sale.

"(B) Any developer or agent who sells a condominium ownership interest in violation of section 5311.25 or 5311.26 of the Revised Code shall be liable to the purchaser in an amount equal to the difference between the amount paid for the interest and the least of the following amounts:

"(1) The fair market value of the interest as of the time the suit is brought;

"(2) The price at which the interest is disposed of in a bona fide market transaction before suit;

"(3) The price at which the unit is

disposed of after suit in a bona fide market transaction, but before judgment. In no case shall the amount recoverable under this division be less than the sum of five hundred dollars for each violation against each purchaser bringing an action under this division, together with court costs and reasonable attorneys' fees. If the purchaser complaining of the violation of section 5311.25 or 5311.26 of the Revised Code has brought or maintained an action he knew to be groundless or in bad faith and the developer or agent prevails, the court shall award reasonable attorneys' fees to the developer or agent."

R.C. 5311.27(A) gives the purchaser of a condominium ownership interest which is executed in violation of R.C. 5311.25 or 5311.26 the later of fifteen days after closing or fifteen days after the purchaser acknowledges receipt of the mandated information in writing in which to void the sales contract or agreement.

"Purchaser" is defined in R.C. 5311.01(O) as follows:

" 'Purchaser' includes both an actual and a prospective purchaser of a condominium ownership interest."

"Sale of a condominium ownership interest" is also defined by statute. R.C. 5311.01(N) states:

" 'Sale of a condominium ownership interest' means the execution by both parties of an agreement for the conveyance or transfer for consideration of a condominium ownership interest, except 'sale of a condominium ownership interest' for purposes of this chapter shall not include a transfer of two or more units from the developer to another developer, a subsidiary of the developer, or a financial institution for the purpose of facilitating the sale of or the development of the remaining or unsold portion of the property."

The trial court, upon review of the above statutory provisions, ruled that the legislature intended the remedy in R.C. 5311.27(B) to be limited to actual purchases. The trial court relied on the theory that damages are defined as the difference between the amount paid and (1) fair market value as of date of suit; (2) fair market value as of date of sale if sold before the suit; or (3) fair market value after the suit, if sold after the suit is filed. If the legislature had ended the statute at this point, the trial court's theory might be persuasive. But since the legislature continued and indicated that in no case shall the amount recoverable be less than $500 together with attorney fees and costs, the legislature apparently intended to ensure that purchasers and prospective purchasers who are treated illegally in the course of a transaction concerning the sale of a condominium interest should not have to bear the financial burden of remedying the illegal conduct, but the burden should fall on the wrongdoer; and the party seeking to vindicate his or her rights should have some minimal compensation for his or her time and effort. Thus interpreting the statute, the trial court was mistaken in granting summary judgment for the defendants.

The first assignment of error is sustained.

The second assignment of error is likewise sustained. The trial court's decision on the summary judgment motion nowhere addresses four of the five claims set forth in the amended complaint. This court is not willing to affirm a ruling in a summary judgment motion which may dismiss all claims when only one claim is specifically addressed.

The judgment of the trial court is vacated and this cause is remanded for further proceedings.

*Judgment vacated*
*and cause remanded.*

FEIGHAN, J., concurs.

WHITESIDE, J., dissents.

FEIGHAN, J., of the Cuyahoga County Court of Common Pleas, sitting by assignment in the Tenth Appellate District.

WHITESIDE, J., dissenting. Being unable to concur in the conclusions reached by the majority, I must respectfully dissent since the trial court correctly interpreted and applied the applicable law.

The majority has made a strained construction of R.C. 5311.27 by lifting certain language out of context and utilizing it to reach a result not justified by either the facts herein or a reasonable construction of the statute.

There does exist a question of fact as to whether defendants violated R.C. 5311.25 or 5311.26 in connection with the "sale" of the condominium to plaintiffs. As the majority points out, there is a sale of a condominium when a contract of purchase is entered into even though the closing and conveyance occurs later. Also, a buyer under an executory purchase contract is a purchaser — not a potential purchaser.

However, the salient issue before us is the application of R.C. 5311.27 to the facts and circumstances herein as to which there is no dispute.

Plaintiffs entered into a lease-purchase agreement with defendant Summertree Homes, Inc., with respect to a condominium unit, the sale being contingent upon sale of plaintiffs' former home and the obtaining of financing. Plaintiffs paid a security deposit of $2,500 and the lease payments were $600 per month. Plaintiffs moved into the unit in January 1984 and paid rent. Plaintiffs allege that shortly after taking possession of the premises, they learned Summertree was having problems and consulted defendant Holzer (the real estate broker involved in the agreement) who allegedly gave them incorrect and misleading information.

As a result of plaintiffs' unhappiness with the transaction, the parties, by a written agreement signed in December 1984, cancelled the purchase contract stating that it was "in their mutual interest" to do so. Under terms of this agreement, $2,000 of the security deposit, plus interest, was refunded to plaintiffs with the remaining $500 being retained as a security deposit under the lease agreement, it being expressly agreed that the lease would remain in effect for its term. However, the parties further agreed that the cancellation of the purchase agreement and the refund of $2,000, plus $163.40 interest, would not operate as a release of any other claims that plaintiffs might have "including, but not limited to, any claim to recover expenses, the value of any improvements, and any related but unauthorized costs or expenses relating to the premises."

Now, plaintiffs contend that they are entitled to damages pursuant to R.C. 5311.27(B), even though their "recovery" to date has exceeded $2,000 and the purchase contract has been rescinded by agreement of the parties.

As the majority holds, R.C. 5311.27(B) applies to all condominium sales. However, by the terms of the division, the damages provision can have application only where the purchaser elects not to rescind the purchase agreement pursuant to R.C. 5311.27(A) or otherwise. The basic damages measure set forth in R.C. 5311.27(B) is the difference between the purchase price (amount paid) and the fair market value of the condominium ownership interest involved to be determined either by evidence of fair market value or by the price for which the interest is sold either before or after commencement of a suit to

360

recovery such damages. The issue raised herein pertains to the second sentence of R.C. 5311.27(B)(3) which provides that:

"In no case shall the amount recoverable under this division be less than the sum of five hundred dollars for each violation against each purchaser bringing an action under this division, together with court costs and reasonable attorneys' fees."

The majority holds to the effect that this recovery is in addition to the damages recovery provided by R.C. 5311.27(A), in the event the purchaser elects to rescind the purchase agreement consisting of "[a]ny deposit or other prepaid fee or item and any amount paid on the purchase price, and * * * all closing costs paid by the purchaser or for which he is liable in connection with the void sale." There is nothing in either R.C. 5311.27(A) or 5311.27(B) providing for, or justifying, such double recovery by a purchaser who elects to rescind (or void) the purchase contract. Rather, the two divisions of R.C. 5311.27 provide alternative remedies to be used at the election of the purchaser.

R.C. 5311.27(A) and 5311.27(B) must be read *in pari materia*. When so read, it is clear that where a seller has violated R.C. 5311.25 or 5311.26, the purchaser has a right to elect to void (rescind) the purchase contract agreement and recover appropriate specified damages pursuant to R.C. 5311.27(A), or to proceed with the purchase contract and recover appropriate specified damages pursuant to R.C. 5311.27(B). Such a purchaser is not entitled to proceed under both R.C. 5311.27(A) and 5311.27(B), that is, both void or rescind the contract and proceed as if the contract had not been voided and recover damages upon both bases.

The $500 minimum damages provision of R.C. 5311.27(B) is by its terms limited in application to the "amount recoverable under this division." This necessarily means that the minimum difference between the amount paid for the condominium ownership interest and the fair market value of such interest shall be deemed to be $500. It does not provide for an award of damages of $500 in addition to damages recoverable under division (A) of R.C. 5311.27. Had the legislature so intended, it would have written the words "under this section" rather than the words "under this division."

Even if the $500 minimum recovery provision of division (B) of R.C. 5311.27 were intended to apply also to damages recoverable under division (A), it is clear that plaintiffs have "recovered" $2,163.40 pursuant to the rescission agreement, an amount much greater than the $500 minimum.

Plaintiffs have made no contention that they are entitled to recover any closing costs or prepaid fees in connection with the void sale pursuant to R.C. 5311.27(A). As indicated above, R.C. 5311.27(A) provides the measure of recovery in connection with a "void" sale while R.C. 5311.27(B) provides the measure of recovery in connection with a sale that is not "void," and the two recoveries are mutually exclusive, including the $500 minimum recovery provided under R.C. 5311.27(B). Accordingly, the trial court did not err in granting summary judgment for defendants upon plaintiffs' claim under R.C. 5311.27(B). The first assignment of error is not well-taken.

By their second assignment of error, plaintiffs contend that the trial court erred in failing to give adequate consideration to their claims for common-law fraud and misrepresentation, the fourth claim of their complaint.

By entering into the rescission agreement and accepting the payment

thereunder, plaintiffs have elected the remedy of rescission rather than the remedy of damages for the fraud. As was well-stated in 25 American Jurisprudence 2d (1966) 669, Election of Remedies, Section 27:

"In general it may be said that a person defrauded in a sale or other contract has a choice of remedies; he may rescind the contract and recover what he has paid, or he may affirm the contract and recover damages for the fraud and deceit practiced upon him, but he cannot pursue to a final conclusion both the remedy by rescission and by affirmance."

Defendants contend that the fraud allegations are insufficient especially with respect to detrimental reliance. The amended complaint does indicate that the alleged misrepresentation (as opposed to alleged statutory violations) occurred subsequent to execution of the contract. Since the contract was thereafter rescinded by agreement, detrimental reliance is not demonstrated by the allegations of the amended complaint. In any event, we find no prejudicial error on the part of the trial court with respect to the claim for common-law fraud. The second assignment of error is not well-taken.

Accordingly, both assignments of error should be overruled and the judgment of the trial court should be affirmed.