[Cite as *Villas Di Tuscany Condominium Assn., Inc. v. Villas Di Tuscany*, 2014-Ohio-776.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| VILLAS DI TUSCANY CONDOMINIUM ASSOC., INC., | ) ) ) | |
| PLAINTIFF-APPELANT, | ) ) | CASE NO. 12 MA 165 |
| V. | ) ) | OPINION |
| VILLAS DI TUSCANY, ET AL., | ) ) ) | |
| DEFENDANTS-APPELLEES. | ) | |

CHARACTER OF PROCEEDINGS:     Civil Appeal from Court of Common
                              Pleas of Mahoning County, Ohio
                              Case No. 10CV4255

JUDGMENT:                     Affirmed

APPEARANCES:
For Plaintiff-Appellant       Attorney Bryan Ridder
                              Attorney Alan Kretzer
                              20 Federal Plaza West, Suite M6
                              Youngstown, Ohio  44503

For Defendants-Appellees      Attorney Michael Marando
                              P.O. Box 9070
                              Youngstown, Ohio 44513

JUDGES:

Hon. Gene Donofrio
Hon. Cheryl Waite
Hon. Mary DeGenaro

Dated: February 26, 2014

DONOFRIO, J.

**{¶1}** Plaintiff-appellant, Villas di Tuscany Condominium Association, Inc., appeals from a Mahoning County Common Pleas Court judgment granting defendants-appellees', Villas di Tuscany, LLC, and Dominic Marchionda's, motion to stay the proceedings on appellant's complaint and to arbitrate the case.

**{¶2}** Appellant is a non-profit corporation serving the 11 condominium units at the Villas di Tuscany Condominiums (the Condos) located in Poland, Ohio. The 11 units are owned by individual owners. Each owner has a nine percent undivided interest in the common area of the Condos. The Condos are governed by the Declaration of Condominium Ownership for Villas di Tuscany Condominium. Appellee Villas di Tuscany, LLC (Villas LLC) was the developer/builder/vendor of the units and is the declarant under the Declarations. Appellee Dominic Marchionda is the managing agent of Villas LLC.

**{¶3}** On November 12, 2010, appellant filed a complaint against appellees alleging the following. The property for the Condos was purchased from an elderly seller who retained a life estate in a house located near the entrance to the Condos. Appellees represented to each prospective purchaser of a Condo that, upon the elderly seller's death, the dwelling would be demolished by Villas LLC and the property would be added to the Condos' common area where appellant could build a pool and/or clubhouse. Upon the death of the elderly seller in November 2009, appellees denied making these representations, refused to demolish the dwelling, and refused to add this property to the Condos' common area. The complaint also alleged that Villas LLC failed to complete various items at the Condos such as installing permanent mailboxes and completing the grading and landscaping. The complaint seeks damages, specific performance, and other relief.

**{¶4}** On April 25, 2011, appellees filed a motion to stay proceedings and refer the case to arbitration. Appellees claimed the terms of the various Agreement[s] for Purchase and Sale entered into between Villas LLC and each of the unit owners of the Condos required all claims to be submitted to arbitration.

**{¶5}** Appellant opposed the motion, arguing the complaint dealt with title and

possession of real estate and not to any issues involving the individual units.

{¶6} The trial court granted appellees' motion. It ordered the parties to submit their claims to arbitration pursuant to the Agreements for Purchase and Sale and stayed this action pending arbitration.

{¶7} Appellant filed a timely notice of appeal on September 7, 2012.

{¶8} Appellant raises six separate arguments, under a general heading, which we will construe as its assignment of error that states:

DEFENDANTS ARE NOT ENTITLED TO ARBITRATION UNDER OHIO REVISED CODE §2711.01.

{¶9} Generally, an abuse of discretion standard of review applies to a trial court's decision to stay proceedings pending arbitration. *EMCC Invest. Ventures v. Rowe*, 11th Dist. No. 2011-P-0053, 2012-Ohio-4462, ¶18. But when the issue to be resolved involves whether one of law, such as whether a party has agreed to submit an issue to arbitration or a matter of contract interpretation, we should apply a de novo standard of review. *Norman v. Schumacher Homes of Circleville, Inc.*, 4th Dist. No. 12CA3338, 2013-Ohio-2687, ¶11; *Jatsek Contrs., Co. v. Burton Scot Contrs., LLC*, 8th Dist. No. 98142, 2012-Ohio-3966, ¶14.

{¶10} Appellant's first argument states:

O.R.C. CHAPTER 2711 DOES NOT APPLY TO CONTROVERSIES INVOLVING TITLE TO REAL ESTATE.

{¶11} Appellant asserts its complaint concerns the title to and possession of real estate. It notes that it specifically requested the trial court to order appellees to transfer the subject real estate to appellant and make it part of the common area of the Condos. And it invoked a claim for lis pendens. Appellant argues that because its complaint is one involving the possession of real estate, the Ohio Arbitration Act does not apply. Citing, R.C. 2711.01(B)(1).

{¶12} The Ohio Arbitration Act, codified in Revised Code Chapter 2711,

allows for either direct enforcement of arbitration agreements through an order to compel arbitration, or indirect enforcement through an order staying proceedings. *Maestle v. Best Buy Co.*, 100 Ohio St.3d 330, 2003-Ohio-6465, 800 N.E.2d 7, ¶14, quoting *Brumm v. McDonald & Co. Securities, Inc.*, 78 Ohio App.3d 96, 100, 603 N.E.2d 1141 (4th Dist.1992).

{¶13} Pursuant to R.C. 2711.01(A),

"[a] provision in any written contract, except as provided in division (B) of this section, to settle by arbitration a controversy that subsequently arises out of the contract, or out of the refusal to perform the whole or any part of the contract, or any agreement in writing between two or more persons to submit to arbitration any controversy existing between them at the time of the agreement to submit, or arising after the agreement to submit, from a relationship then existing between them or that they simultaneously create, shall be valid, irrevocable, and enforceable, except upon grounds that exist at law or in equity for the revocation of any contract."

{¶14} But R.C. 2711.01(B)(1) provides that the arbitration provisions do *not* apply to controversies involving the title to or the possession of real estate.

{¶15} Appellant's complaint states it is a "Complaint for Money Damages and Specific Performance; Notice of Lis Pendens; Jury Demand." It asserts a claim for breach of contract where it asks for monetary damages, a claim for breach of the Ohio Condominium Act where it asks for monetary damages, a claim for fraud where it asks for monetary damages, a claim for specific performance where it asks for appellees to demolish the dwelling on the property and to "submit the property upon which the dwelling sits" to the Condo common area, and a claim for lis pendens where it gives all third persons notice of this action. In its request for relief, appellant also requests an order that appellees transfer clear and marketable title to the disputed property.

{¶16} While appellant requests the transfer of title in its request for relief, the gravamen of appellant's complaint is a claim for fraud. The complaint alleges that appellees, in marketing and selling the condo units, represented to the prospective purchasers that upon the elderly seller's death, the dwelling would be demolished and the property would be added to the common area for the location of a club house and/or pool. It further alleged that after the elderly seller's death, appellees denied making these representations and has refused to add the property to the common area. Thus, appellant's complaint is one of fraud.

{¶17} The two remedies available for a fraud action are rescission of the contract or monetary damages. *Kruse v. Holzer*, 34 Ohio App.3d 356, 361, 518 N.E.2d 961 (10th Dist.1986), citing 25 American Jurisprudence 2d (1966) 669, Election of Remedies, Section 27. Because a fraud claim seeks only rescission or damages, it is not a claim for title to property. Thus, it is an arbitrable claim.

{¶18} The complaint also asserts that appellees failed to complete various items at the Condos such as installing permanent mailboxes and completing the grading and landscaping. Appellant concedes that these issues are arbitrable.

{¶19} Because appellant's claims are for fraud and for failing to complete work at the Condos, which are both arbitrable, the trial court properly stayed this action pending arbitration.

{¶20} Moreover, an arbitrator would be well aware that he or she may only arbitrate arbitrable issues. In other words, an arbitrator would not arbitrate a claim for the transfer of title to property. Should the arbitrator find in this case, after arbitrating the arbitrable issues, that an issue still remains regarding the title to the disputed property, the arbitrator would then simply refer the matter back to the trial court. And even if this were the case, the trial court's stay of the entire action pending arbitration would still be proper because when an action contains both arbitrable and non-arbitrable claims, the court must stay the entire action until the arbitrable claims are resolved. *Morris v. Morris*, 189 Ohio App.3d 608, 2012-Ohio-4750, 939 N.E.2d 928, ¶14 (10th Dist.); *Garber v. Buckeye Chrysler-Jeep-Dodge of Shelby*, 5th Dist. No.

2007-CA-0121, 2008-Ohio-3533, ¶18; *McGuffey v. Lenscrafters, Inc.*, 141 Ohio App.3d 44, 749 N.E.2d 825 (12th Dist.2001); *Scotts Co. v. Warburg*, 3d Dist. No. 14-2000-19, 2000-Ohio-1720.

**{¶21}** Accordingly, appellant's first argument lacks merit.

**{¶22}** Appellant's second argument states:

> THE UNIT OWNERS ARE NOT PARTIES TO THE SUIT AND, THEREFORE, CANNOT BE COMPELLED TO ARBITRATE.

**{¶23}** Here appellant contends the trial court's order compels each unit owner to individually arbitrate with appellees. But it notes that no unit owners are parties to this litigation and, therefore, the trial court does not have personal jurisdiction over them.

**{¶24}** In examining this claim, we must look at the language of the trial court's judgment entry. It reads, in its entirety:

> The Court is satisfied that the issues set forth in Plaintiffs' Complaint are referable to arbitration, pursuant to Section 13.14 of the Agreement for Purchase and Sale entered into between Villas di Tuscany, LLC and each individual purchaser of condominium units represented herein by Villas di Tuscany Condominium Association, Inc., and R.C. Section 2711.01 *et seq.* It is therefore Ordered that Defendants' motion to stay proceedings and refer case to arbitration is granted. The parties shall submit the claims herein to arbitration, pursuant to said Agreements for Purchase and Sale. It is further ordered that the trial in this action is stayed until arbitration of the issues in accordance with said Agreements.

**{¶25}** The court's language does not suggest that the individual unit owners, who are not parties to this lawsuit, must submit to arbitration. The court specifically states that "the issues set forth in Plaintiff's Complaint are referable to arbitration." It

makes no mention of the individual unit owners, only "the issues" in the complaint. It does state that "the issues" are referable to arbitration pursuant to the purchase agreements entered into by the individual unit owners. But it does not state that the unit owners must submit to arbitration. The judgment entry goes on to order that "the parties," which are appellant and appellees, shall submit the claims to arbitration pursuant to the terms of the purchase agreements.

{¶26} Thus, the language in the trial court's judgment entry is clear that the issues raised by appellant's complaint are referred to arbitration where appellant and appellees will arbitrate them. The trial court's judgment does not place any obligation on the individual unit owners who are not parties to this case.

{¶27} Accordingly, appellant's second argument lacks merit.

{¶28} Appellant's third argument states:

THE ARBITRATION PROVISION IN APPELLEES' CONTRACTS FAIL[S] TO COMPLY WITH O.R.C. §2711.01(A).

{¶29} Appellant argues the arbitration provision in the purchase agreements fails to comply with R.C. 2711.01(A). It contends the arbitration provision must comply with the formal requirements for all contracts including that it must be definite, certain, and constitute a "meeting of the minds." Appellant argues the purchase agreements containing the arbitration provision also contain a contradictory provision requiring that any "claim, action, or lawsuit" arising out of the agreement shall be filed and adjudicated in state and federal courts located in Mahoning County, Ohio. Appellant claims that it complied with this provision when it filed the instant lawsuit in Mahoning County Common Pleas Court. It argues that the fact that the purchase agreements contained both the arbitration provision and the provision requiring all lawsuits to be filed in Mahoning County are contradictory and, therefore, renders the arbitration provision unenforceable.

{¶30} Appellant contends the arbitration provision fails to comply with R.C. 2711.01(A), which provides that a provision in a written contract or agreement to

settle disputes by arbitration shall be valid, irrevocable, and enforceable. However, what appellant really seems to argue here is that sections 13.7 and 13.14 of the purchase agreements are inconsistent with each other.

**{¶31}** Section 13.7 of the purchase agreements provides:

> This Agreement shall be construed and interpreted in accordance with the laws of the State of Ohio, exclusive of its rules as to conflicts of law. *Any claim, action, lawsuit* (whether civil, criminal, administrative, or otherwise) arising out of or in any way related to this Agreement (other than post-judgment collection proceedings which may be filed and adjudicated in any appropriate forum) *shall be filed and adjudicated exclusively in the state and federal courts located in Mahoning County, Ohio* (collectively the "Courts") and each of the parties irrevocably submits to the exclusive jurisdiction of the Courts as to such proceedings, and waives any objection it may now or hereafter have to venue or convenience forum relative to the Courts.

(Emphasis added.)

**{¶32}** Sections 13.14(a) and (b) of the purchase agreements provide:

> *Any and all disputes, claims, questions or disagreements arising from or relating in any way to this Agreement* (each a "Claim") *which cannot be settled through direct discussions between the parties, will be resolved by mediation* administered by the American Arbitration Association ("AAA") under its Commercial Mediation Rules. *Any such Claim that cannot be resolved by mediation will be submitted to arbitration* administered by the AAA in accordance with its Commercial Arbitration Rules. All such mediations and arbitrations will be held in Mahoning County.
>
> Notwithstanding the foregoing, either party may apply to the

arbitrators seeking injunctive relief until the arbitration award is rendered or the controversy is otherwise resolved. Also, *either party, without waiving any remedy under this Agreement, may seek from any court having jurisdiction any interim or provisional relief that is necessary to protect the rights or property of that party*, prior to the establishment of an arbitral tribunal (or pending the arbitral tribunal's determination of the merits of the controversy).

(Emphasis added.)

**{¶33}** These two provisions can and should be read together. The fact that the purchase agreements contain a provision for all claims and lawsuits to be filed in Mahoning County does not conflict with the arbitration provision. Reading the two provisions together leads to the following. If a dispute arises relating to a purchase agreement, that claim shall be submitted to arbitration pursuant to Section 13.14. However, not all claims are arbitrable. For instance, an action to either confirm or vacate an arbitrator's award would have to be filed in a court. Pursuant to Section 13.7, it would have to be filed in the Mahoning County Courts.

**{¶34}** Because Sections 13.7 and 13.14 can be read together to give effect to the terms of both sections, there is not a conflict as appellant argues.

**{¶35}** Accordingly, appellant's third argument lacks merit.

**{¶36}** Appellant's fourth argument states:

APPELLANT IS THE PROPER PARTY TO BRING AN ACTION FOR DAMAGES PERTAINING TO COMMON ELEMENTS AND IS NOT REQUIRED TO ARBITRATE ITS CLAIMS.

**{¶37}** Appellant asserts the arbitration agreements did not bind it to arbitrate claims relating to the common area. This is because it was never a party to any arbitration agreements. It asserts that appellees' counsel acknowledged as much when counsel sent the notice to arbitrate to the individual unit owners, instead of it,

despite the fact that the unit owners are not parties to this lawsuit.

**{¶38}** In *Council of Smaller Enterprises v. Gates, McDonald & Company, Communication Workers of Am.*, 80 Ohio St.3d 661, 687 N.E.2d 1352 (1998), the Ohio Supreme Court quoted four relevant principles to consider when examining the reach of an arbitration clause as set out by the United States Supreme Court in *AT&T Technologies, Inc. v. Communications Workers of Am.,* 475 U.S. 643, 106 S.Ct. 1415, 89 L.Ed.2d 648:

> The first principle is that " 'arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit.' * * * This axiom recognizes the fact that arbitrators derive their authority to resolve disputes only because the parties have agreed to submit such grievances to arbitration." * * *
>
> The second principle is that "the question of arbitrability-whether a[n] * * * agreement creates a duty for the parties to arbitrate the particular grievance-is undeniably an issue for judicial determination. Unless the parties clearly and unmistakably provide otherwise, the question of whether the parties agreed to arbitrate is to be decided by the court, not the arbitrator." * * *
>
> The third rule is, "in deciding whether the parties have agreed to submit a particular grievance to arbitration, a court is not to rule on the potential merits of the underlying claims." * * *
>
> The fourth principle is that "where the contract contains an arbitration clause, there is a presumption of arbitrability in the sense that '[a]n order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage.' " * * * .

(Internal citation omitted.)

**{¶39}** Even though public policy favors arbitration, a court cannot compel a party to arbitrate a dispute it has not agreed in writing to arbitrate. *Biondi v. Oregon Homes, LLC*, 9th Dist. No. 26543, 2013-Ohio-1770, ¶9. In certain situations, however, a non-signatory can be bound by an arbitration agreement signed by someone else. *Hussein v. Hafner & Shugarman Enterprises*, Inc., 6th Dist. No. WD-09-020, 2010-Ohio-4205, ¶28. These situations are (1) incorporation by reference; (2) assumption; (3) agency; (4) veil-piercing/alter-ego; (5) estoppel; and (6) third-party beneficiary. *Id.* at ¶29, citing *Cleveland-Akron-Canton Advertising Coop. v. Physician's Weight Loss Ctrs. of Am., Inc.*, 184 Ohio App.3d 805, 2009-Ohio-5699, 922 N.E.2d 1012, ¶15 (8th Dist.), *Thomson-CSF, S.A. v. Am. Arbitration Assn.* 64 F.3d 773 (C.A.2, 1995), *Moore v. Houses on the Move*, 177 Ohio App.3d 585, 2008-Ohio-3552, 895 N.E.2d 579, ¶31 (8th Dist.).

**{¶40}** In this case, there is no dispute that appellant was not a signatory to the purchase agreements containing the arbitration provision. The only situation that potentially applies here to bind appellant under the arbitration provision is agency. If appellant filed the instant lawsuit as an agent of the unit owners, then it could be bound by the arbitration provision in the purchase agreements.

**{¶41}** It is reasonable to presume that appellant is acting as the agent for the unit owners. See *Toledo Pub. Schools Bd. of Edn. v. Lucas Cty. Bd. of Revision*, 124 Ohio St.3d 490, 2010-Ohio-253, 924 N.E.2d 345, ¶18 ("it might be reasonable to presume that a 'condominium owners' association' could act as the agent of the owners of individual condominium units.") Appellant is requesting damages for appellees' breach of the purchase agreements and fraud in inducing the unit owners to purchase their units. These monetary claims are for damages to each individual unit owner. And the parties agree that the individual unit owners signed the purchase agreements. Thus, appellant is acting as the agent of the unit owners in this case. Therefore, the trial court properly found that appellant is bound by the arbitration provision in the purchase agreements.

**{¶42}** Accordingly, appellant's fourth argument lacks merit.

**{¶43}** Appellant's fifth argument states:

APPELLEES' MOTION VIOLATES THE OHIO CONDOMINIUM
ACT CHAPTER 5311 OF THE OHIO REVISED CODE.

**{¶44}** Appellant contends that in accordance with R.C. 5311.04, the unit owners each own an undivided nine percent interest in the common area. It contends that pursuant to the statute, no individual unit owner can waive or release rights in the common area. Appellant further contends that pursuant to R.C. 5311.20, the unit owners' association is the proper entity to sue or be sued on issues involving the common area. Appellant argues that because ownership of the common area is undivided, such ownership cannot be subject to individual actions seeking individual remedies.

**{¶45}** R.C. 5311.20 provides in part that, "[i]n any action relating to the common elements or to any right, duty, or obligation possessed or imposed upon the unit owners association by statute or otherwise, the unit owners association may sue or be sued as a separate legal entity."

**{¶46}** Appellant is correct that R.C. 5311.20 provides that a condominium association is the proper party to sue or be sued on issues involving the common area of condominiums. See, *Arbor Village Condominium Assn. v. Arbor Village, Ltd.*, 95 Ohio App.3d 499, 642 N.E.2d 1124 (1994); *Stoney Ridge Hill Condominium Owners' Assn. v. Auerbach*, 64 Ohio App.2d 40, 410 N.E.2d 782 (1979).

**{¶47}** The Ohio Supreme Court has set out some rules to follow for a reviewing court construing statutes that may appear to be in conflict.

First, all statutes which relate to the same general subject matter must be read *in pari materia*. * * * And, in reading such statutes *in pari materia*, and construing them together, this court must give such a reasonable construction as to give the proper force and effect to each and all such statutes. * * * The interpretation and application of statutes

> must be viewed in a manner to carry out the legislative intent of the sections. * * * All provisions of the Revised Code bearing upon the same subject matter should be construed harmoniously. * * * This court in the interpretation of related and co-existing statutes must harmonize and give full application to all such statutes unless they are irreconcilable and in hopeless conflict. * * *.

(Internal citations omitted.) *Johnson's Markets, Inc. v. New Carlise Dept. of Health*, 58 Ohio St.3d 28, 35, 567 N.E.2d 1018 (1991).

{¶48} R.C. 5311.20 does not make any reference to arbitration and appellant offers no case law that stands for the proposition that a condominium association cannot be required to submit to arbitration pursuant to a valid arbitration clause. Nor does appellant offer any case law to suggest that R.C. 5311.20, giving condominium associations the right to sue and be sued on issues involving common area, and R.C. Chapter 2711., governing arbitration, cannot operate together. We will construe the statutes in such a way as to give effect to both of them. R.C. 5311.20 gives condominium associations the right to sue or be sued. If, however, the condominium association is a party to a suit and one of the parties brings forth a valid arbitration clause applying to the association pursuant to R.C. Chapter 2711., then the association would be bound to arbitrate as would any other party.

{¶49} The case of *Boyd v. Spring Creek Condominium Assn.*, 5th Dist. No. 08 CA 00009, 2009-Ohio-2206, supports this conclusion. In *Boyd*, the owners of a condo sued the condo association to have an amendment to the condo declaration declared invalid. The association filed a motion to stay the proceedings pending arbitration citing the declaration which provided that, in the event of a dispute between the association and a unit owner, the dispute must first be submitted to arbitration pursuant to R.C. Chapter 2711. The owners argued that the arbitration clause did not apply because their action was filed pursuant to R.C. 5311.05. The trial court found that the matter was subject to the arbitration clause and stayed the matter pending arbitration. The owners appealed.

**{¶50}** On appeal the Fifth District noted the public policy in favor of the enforcement of arbitration agreements. *Id*. at ¶32. It then stated it agreed with the trial court's determination that while R.C. 5311.19 permits the filing of a civil action, the condominiums' declaration mandated arbitration as a condition precedent to instituting legal proceedings. *Id*. at ¶33. Therefore, it affirmed the trial court's judgment staying the proceedings and ordering arbitration.

**{¶51}** Given the principle that two statutes should be read so as to give effect to both of them when possible and because R.C. 5311.20 and R.C. Chapter 2711. can be read in this manner, appellant's argument that R.C. 5311.20 somehow precludes it from participating in arbitration must fail.

**{¶52}** Accordingly, appellant's fifth argument lacks merit.

**{¶53}** Appellant's sixth argument states:

> THE CLAIMS AGAINST APPELLEE DOMINIC MARCHIONDA ARE NOT SUBJECT TO ARBITRATION.

**{¶54}** Finally, appellant contends that its complaint raises specific claims against Marchionda. It points out that Marchionda was not a signatory to the unit purchase contracts upon which appellees rely. Because neither appellant nor Marchionda were parties to the purchase contracts, appellant argues the trial court erred in ordering them to arbitration.

**{¶55}** In its complaint, appellant describes Marchionda as "the managing member, agent, and representative, officer, and alter ego of the Declarant [Villas LLC]." Thus, by appellant's own description, Marchionda is only a part of this lawsuit because he is intertwined with Villas LLC and is acting as its agent. Because Marchionda is acting as Villas LLC's agent, he too is bound by the purchase agreements' arbitration provision.

**{¶56}** Accordingly, appellant's sixth argument lacks merit.

**{¶57}** In sum, because none of the issues appellant raised has merit, appellant's sole assignment of error is without merit.

{¶58} For the reasons stated above, the trial court's judgment is hereby affirmed.

Waite, J., concurs.

DeGenaro, P.J., concurs.