[Cite as *Wolfe v. Encino Energy, L.L.C.*, 2025-Ohio-1584.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## HARRISON COUNTY

SALLY WOLFE ET AL.,

Plaintiffs-Appellees,

v.

ENCINO ENERGY, LLC ET AL.,

Defendants-Appellants.

---

### OPINION AND JUDGMENT ENTRY
### Case Nos. 24 HA 0010, 24 HA 011, 24 HA 0012, 24 HA 0014

---

Civil Appeal from the
Court of Common Pleas of Harrison County, Ohio
Case Nos. CVH 2024-0040, CVH 2024-0034,
CVH 2024-0053, CVH 2024-0052

**BEFORE:**
Mark A. Hanni, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Affirmed in Part, Reversed in Part.

---

*Atty. Ethan Vessels*, Fields, Dehmlow & Vessels, LLC, and *Atty. Richard Arnold* and *Atty. William Cline*, Arnold Gruber, LTD., for Plaintiffs-Appellees and

*Atty. Timothy B. McGranor*, *Atty. Ilya Batikov*, *Atty. Eric A. Parker,* and *Atty. Celina J. Needle*, Vorys, Sater, Seymour and Pease, LLP, for Defendants-Appellants.

Dated: May 2, 2025

**HANNI, J.**

**{¶1}** In these consolidated appeals, Defendants-Appellants, Encino Energy, LLC, EAP Operating, LLC, and EAP Ohio, LLC (collectively Encino) appeal from four Harrison County Common Pleas Court judgments finding that the underlying claims in these cases are subject to binding arbitration but that the arbitration provision does not require either party to initiate proceedings with the American Arbitration Association (AAA) and stating Encino may procure a private arbitrator to arbitrate the cases.

**{¶2}** The trial court properly granted the stays pending arbitration. But the trial court erred in finding Encino could procure a private arbitrator. To the extent Encino claims the trial court erred in not requiring Appellees to initiate arbitration under the AAA rules, we disagree. Neither this Court nor the trial court can issue an order compelling Appellees to initiate arbitration since Encino did not file a motion to compel arbitration with the trial court. For these reasons, we affirm the trial court's finding that the claims are subject to binding arbitration and affirm the stay pending arbitration. We reverse only that part of the judgment stating Encino may procure a private arbitrator.

**{¶3}** This appeal involves four separate Harrison County cases. Plaintiffs-Appellees are Elite Land Management, Inc. (trial case no. CVH-2024-0034); Sally Wolfe (trial case no. CVH-2024-0040); Timothy R. Dunfee and Annie L. Dunfee Family Joint Declaration of Revocable Trust, Executed October 19, 2015 (trial case no. CVH-2024-0053); and David and Mattie Glick (trial case no. CVH-2024-0052). Appellees alleged in in their complaints that Encino has been improperly deducting post-production expenses from royalty payments made to Appellees pursuant to oil and gas leases.

**{¶4}** The disputes here, involving the payment of royalties, arose under four separate oil and gas leases (the Leases), all containing an identical arbitration provision at issue in this appeal. This Court consolidated the four appeals.[1]

**{¶5}** The arbitration provision at issue reads:

---

[1] These cases are also related to the cases of *Johnson v. Encino Energy, LLC, et al.*, 24 CO 0035, and *Fligiel, et al. v. Encino Energy, LLC, et al.*, 24 CA 0979.

Case Nos. 24 HA 0010, 24 HA 011, 24 HA 0012, 24 HA 0014

ARBITRATION. In the event of a disagreement between Lessor and Lessee concerning this Lease or the associated Order of Payment, performance thereunder, or damages caused by Lessee's operations, the resolution of all such disputes shall be determined by arbitration in accordance with the rules of the American Arbitration Association. Arbitration shall be the exclusive remedy and cover all disputes, including but not limited to, the formation, execution, validity and performance of the Lease and Order of Payment. All fees and costs associated with the arbitration shall be borne equally by Lessor and Lessee.

{¶6} On June 28, 2024, Appellee Elite Land Management, Inc. filed its complaint against Encino. Subsequent complaints were filed by Appellee Wolfe on August 5, 2024, and Appellees Dunfee and Glick on September 5, 2024.

{¶7} Encino filed a motion to stay proceedings pending arbitration in each of the cases on: August 16, 2024 (Elite Land Management); September 18, 2024 (Wolfe); and October 10, 2024 (Dunfee and Glick). The motions requested the trial court stay the proceedings until such time as the plaintiff in each case "has initiated an arbitration proceeding with the American Arbitration Association ('AAA'), as required by the applicable oil and gas lease, and that arbitration proceeding has concluded."

{¶8} Appellees filed responses to these motions. Appellees stated that they opposed the motions "as requested." But Appellees had no objection to the trial court issuing a stay so that the parties could engage in arbitration. Appellees only disagreed with Encino as to how arbitration was to proceed. They argued the arbitration provisions in the leases did not require them to initiate arbitration with the AAA but only required that the AAA rules be used in arbitration, which could proceed with a private arbitrator.

{¶9} In the *Elite Land Management* case, the trial court held a hearing on the motion on September 12, 2024. Encino filed a reply to Appellee's response in the *Wolfe* case on September 26, 2024.

{¶10} The trial court issued identical judgments in all four cases – on October 2, 2024, in *Elite Land Management* and *Wolfe* and on October 11, 2024 in *Dunfee* and *Glick* finding:

The Defendants, who ostensibly do not wish to waive their right to arbitrate, may require arbitration of the dispute. Nonetheless, the Defendants' Motion is hereby DENIED to the extent that the Defendants seek an order requiring the Plaintiffs to initiate arbitration proceedings. The Defendant is requesting arbitration as they are entitled to under the contract. According to the contract, this arbitration must be done in accordance with the American Arbitration Association rules. Accordingly, the Court hereby STAYS this action pending potential arbitration. The Defendant may procure a private arbitrator to arbitrate the case, pursuant to American Arbitration Association rules.

{¶11} Encino filed timely notices of appeal in three of the cases on October 28, 2024 and in the last case on November 1, 2024. Encino now raises four assignments of error. For ease of discussion, we will address Encino's assignments of error out of order.

{¶12} Encino's third assignment of error states:

THE TRIAL COURT ERRED BY NOT REQUIRING PLAINTIFFS-APPELLEES – THE PARTIES CLAIMING TO BE AGGRIEVED UNDER THE OIL AND GAS LEASE – TO INITIATE ARBITRATION PROCEEDINGS WITH THE AMERICAN ARBITRATION ASSOCIATION, AS REQUIRED BY THE RULES OF THE AMERICAN ARBITRATION ASSOCIATION, AND INSTEAD DIRECTING THE PARTIES TO PROCURE A PRIVATE ARBITRATOR TO ARBITRATE THE CASE.

{¶13} Encino urges us to find the parties' lease requires the AAA to administer the arbitration proceedings and the trial court failed to apply the AAA Rules. They direct us to AAA Rule R-2(a), as dictating the AAA must *administer* the arbitration. To the extent this assignment of error addresses who is to initiate arbitration under the parties' lease, we consider that issue separately under Encino's next assignment of error.

{¶14} Ohio law favors arbitrations and "directs trial courts to grant a stay of litigation in favor of arbitration pursuant to a written arbitration agreement on application

Case Nos. 24 HA 0010, 24 HA 011, 24 HA 0012, 24 HA 0014

of one of the parties, in accordance with R.C. 2711.02(B)." *Taylor Bldg. Corp. of Am. v. Benfield*, 2008-Ohio-938, ¶ 27.

**{¶15}** Ohio's Arbitration Act is codified in Revised Code Chapter 2711. R.C. 2711.01(A) states: "A provision in any written contract, except as provided in division (B) of this section, to settle by arbitration a controversy that subsequently arises out of the contract, . . . shall be valid, irrevocable, and enforceable, except upon grounds that exist at law or in equity for the revocation of any contract."

**{¶16}** Further, R.C. 2711.02(B) states:

> If any action is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the action is pending, upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration, *shall on application of one of the parties stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement*, provided the applicant for the stay is not in default in proceeding with arbitration.

(Emphasis added.)

**{¶17}** Here, Appellees filed suit, Encino moved to stay the proceedings, and Appellees opposed alleging the arbitration clause was unconscionable and unenforceable. The trial court disagreed. It found the arbitration clause was enforceable; and granted the requested stay. Thus, the trial court proceedings are stayed until the arbitration is conducted.

**{¶18}** Encino did not move to compel arbitration. R.C. 2711.03(A) states in part: "The party aggrieved by the alleged failure of another to perform under a written agreement for arbitration may petition any court of common pleas having jurisdiction of the party so failing to perform *for an order directing that the arbitration proceed in the manner provided for in the written agreement.*" (Emphasis added.)

**{¶19}** "Arbitration is favored because it provides the parties thereto a relatively expeditious and economical means of resolving a dispute." *Schaefer v. Allstate Ins. Co.*, 63 Ohio St.3d 708, 712 (1992). Moreover, arbitration helps relieve crowded dockets. *Mahoning Cty. Bd. of Mental Retardation v. Mahoning Cty. TMR Edn. Assn.*, 22 Ohio

Case Nos. 24 HA 0010, 24 HA 011, 24 HA 0012, 24 HA 0014

St.3d 80, 83 (1986). A presumption favoring arbitration arises when the claim falls within the scope of the arbitration provision. *New Hope Community Church v. Patriot Energy Partners, L.L.C.*, 2013-Ohio-5882, ¶ 14 (7th Dist.).

**{¶20}** The standard of review for a decision granting or denying a motion to stay proceedings pending arbitration is generally an abuse of discretion. *Villas Di Tuscany Condominium Assn., Inc. v. Villas Di Tuscany,* 2014-Ohio-776, ¶ 9 (7th Dist.). However, a trial court's grant or denial of a stay based solely upon questions of law is reviewed under a de novo standard. *Id.*

**{¶21}** An oil and gas lease is a contract subject to interpretation pursuant to general contract law. *See Gateway Royalty II, LLC v. Gulfport Energy Corp.*, 2024-Ohio-4844, ¶ 16 (7th Dist.). The interpretation of a contract is a matter of law subject to de novo review. *St. Marys v. Auglaize Cty. Bd. of Commrs.*, 2007-Ohio-5026, ¶ 38. We must read the applicable contract in its entirety, give effect to each provision, and ascertain the intent of the parties from considering it as a whole. *Saunders v. Mortensen*, 2004-Ohio-24, ¶ 16. "Courts should attempt to harmonize provisions and words so that every word is given effect." *Christe v. GMS Mgt. Co.,* 124 Ohio App.3d 84, 88 (9th Dist.1997).

**{¶22}** The parties' lease agreement provides in pertinent part:

ARBITRATION. *In the event of a disagreement* between Lessor and Lessee concerning this Lease or the associated Order of Payment, performance thereunder, or damages caused by Lessee's operations, *the resolution of all such disputes shall be determined by arbitration in accordance with the rules of the American Arbitration Association.* Arbitration shall be the exclusive remedy and cover all disputes, including but not limited to, the formation, execution, validity and performance of the Lease and Order of Payment. All fees and costs associated with arbitration shall be borne equally by Lessor and Lessee."

. . .

ENTIRE CONTRACT. The entire agreement between Lessor and Lessee is embodied herein and in the associated Order of Payment (if any). No

oral warranties, representations, or promises have been made or relied upon by either party as an inducement to or modification to this Lease.

(Emphasis added.)

**{¶23}** Ohio contract law recognizes the doctrine of incorporation by reference. *Bd. of Edn. of Martins Ferry City School Dist. v. Colaianni Constr., Inc.*, 2023-Ohio-2285, ¶ 91 (7th Dist.). The reference to another document alone is insufficient. Instead, "the language used in a contract to incorporate extrinsic material by reference must explicitly, or at least precisely, identify the written material [being] incorporated and must clearly communicate that the purpose of the reference is to incorporate the referenced material into the contract." *Capital Real Estate Partners, LLC v. Nelson,* 2019-Ohio-2381 ¶ 15 (12th Dist.), quoting *Northrop Grumman Info. Tech., Inc. v. United States*, 535 F.3d 1339, 1345 (Fed. Cir. 2008); *accord Bd. of Edn. of Martins Ferry City School Dist.* This is also a question of law for the court to decide. *Id.*

**{¶24}** Once it has been determined that a document has been incorporated by reference, the instruments must be read and construed together. *Porterfield v. Bruner Land Co., Inc.*, 2017-Ohio-9045, ¶ 39 (7th Dist.), citing *Key Bank Natl. Assn. v. Columbus Campus, L.L.C.*, 2013-Ohio-1243, ¶ 24 (10th Dist.).

**{¶25}** Here, the AAA rules were not set forth in the parties' contract and were not filed with the trial court. Notwithstanding, the parties' lease agreement clearly states: "In the event of a disagreement between Lessor and Lessee concerning this Lease or the associated Order of Payment, . . . the resolution of all such disputes shall be determined by arbitration in accordance with the rules of the American Arbitration Association."

**{¶26}** In its Motion to Stay, Encino referred the trial court to AAA Commercial Arbitration Rule, AAA R-2(a), "Delegation of Duties, Conduct of Parties, Administrative Review Council." This rule states: "(a) When parties agree to arbitrate under these Rules, or when they provide for arbitration by the AAA and an arbitration is initiated under these Rules, *they thereby authorize the AAA to administer the arbitration.*" (Emphasis added) https://www.adr.org/sites/default/files/CommercialRules_Web_1.pdf (accessed January 17, 2025.

**{¶27}** Because of the explicit reference in the lease agreement to the AAA Rules, we find the parties precisely identified the written material being incorporated as the

American Arbitration Rules and clearly communicated the purpose of the reference was to incorporate the referenced material into the contract as governing all disputes. *Bromberg & Liebowitz, CPA's v. O'Brien*, 150 N.Y.S.3d 897, *2 (2021) (finding parties incorporated AAA rules by reference and thus the AAA rules govern the scope of the arbitration agreement); *see KeyBank Natl. Assn. v. Southwest Greens of Ohio, L.L.C.*, 2013-Ohio-1243, ¶ 36-39 (10th Dist.) (applying contract interpretation principles to find construction contract flow provisions were incorporated by reference); *Birchfield Homes, Inc. v. McMahan,* 1992 WL 292726, *2 (11th Dist. Oct. 9, 1992) (finding the contract incorporated the home warranty by reference); *von Arras v. Columbus Radiology Corp.*, 2005-Ohio-2562 (10th Dist.) (incorporating by reference AAA rules).

**{¶28}** Various courts have upheld arbitration agreements incorporating the rules of the American Arbitration Association by reference. *Columbine Valley Const. v. Bd. of Directors,* 626 P.2d 686, 691-92 (Colo. 1981) ("[t]his explicit agreement to arbitrate in accordance with the rules of the AAA incorporates by reference the rules of that association into the arbitration agreement"); *Paley Assoc., Inc. v. Universal Woolens, Inc.,* 446 F.Supp. 212, 214 (SDNY 1978) (AAA Rules part of arbitration agreement and binding on parties where arbitration agreement states that arbitration will be conducted in accordance with the AAA Rules).

**{¶29}** In light of the parties' incorporation of the AAA Rules by reference and the text of the AAA Rules dictating that when "parties agree to arbitrate under the [AAA] Rules," they agree that the AAA will *administer* the arbitration, we conclude the arbitration was required to be administered by the AAA, consistent with Encino's argument. AAA R-2(a).

**{¶30}** Because the lease agreement incorporates the AAA Rules by reference, and the AAA Rules establish the AAA as the forum for arbitration, Encino's third assignment of error has merit and is sustained.

**{¶31}** Encino's first and second assignments of error make the same general argument as each other and rely on the same law. Therefore, we will address these assignments of error together.

**{¶32}** Encino's first assignment of error states:

Case Nos. 24 HA 0010, 24 HA 011, 24 HA 0012, 24 HA 0014

THE TRIAL COURT ERRED BY DENYING DEFENDANTS-APPELLANTS'
MOTION TO STAY PENDING ARBITRATION "TO THE EXTENT THAT
THE DEFENDANTS SEEK AN ORDER REQUIRING THE PLAINTIFFS TO
INITIATE PROCEEDINGS WITH THE AMERICAN ARBITRATION
ASSOCIATION."

{¶33} Encino's second assignment of error states:

THE TRIAL COURT ERRED BY FINDING THAT "THE TEXT OF THE
SUBJECT OIL-AND-GAS LEASE DOES NOT REQUIRE EITHER PARTY
TO INITIATE PROCEEDINGS WITH THE AMERICAN ARBITRATION
ASSOCIATION."

{¶34} Encino claims the trial court erred by finding Encino must initiate arbitration proceedings against themselves. Like its prior assigned error, Encino claims its lease agreement incorporates the AAA Rules, and these Rules require the party asserting a claim, the "claimant," to initiate the arbitration proceedings.

{¶35} The parties' arguments to the trial court focused on whether the arbitration must be *conducted by the AAA*—not who was required to initiate arbitration. The issue of who was required to initiate arbitration was a secondary issue.

{¶36} As argued by Appellees, the parties' lease agreement does not directly speak to this issue. However, consistent with our conclusion under Encino's third assigned error that the parties incorporated the AAA Rules by reference in their lease agreement, we also conclude the AAA Rules govern the issue of who is to initiate arbitration.

{¶37} The current version of the AAA Commercial Arbitration Rules, effective September 1, 2022, AAA Rule R-1, "Agreement of Parties" states in part:

(a) The parties shall be deemed to have made these Rules a part of their arbitration agreement whenever they have provided for arbitration by the American Arbitration Association ("AAA") under its Commercial Arbitration Rules or for arbitration by the AAA of a domestic commercial dispute without specifying particular rules. These Rules and any amendment to them shall

apply in the form in effect at the time the administrative requirements are met for a Demand for Arbitration or Submission Agreement received by the AAA.

https://www.adr.org/sites/default/files/CommericalRules_Web_1.pdf (accessed January 23, 2025.)

**{¶38}** Encino directs us to AAA Rule R-4(a)(i) as dictating Appellees must initiate arbitration since they are the claimants, and the resolution of the matter via arbitration is pursuant to a written contract. AAA Rule R-4(a)(i), "Filing Requirements," provides:

Arbitration under an arbitration provision in a contract *shall* be initiated by the initiating party ("claimant") filing with the AAA a Demand for Arbitration, the administrative filing fee, and a copy of the applicable arbitration agreement from the parties' contract which provides for arbitration. The filing fee must be paid before a matter is considered properly filed.

(Emphasis added.)

**{¶39}** Encino also directs this court to the AAA filing requirements and procedural rules as demonstrating the "claimant" is the party seeking affirmative relief. For example, AAA Rule R-33, "Conduct of Proceedings," states in part: "(a) The claimant shall present evidence to support its claim. The respondent shall then present evidence to support its defense. Witnesses for each party shall also submit to questions from the arbitrator and the adverse party." Encino asserts it is nonsensical to require it to present evidence against itself or in defense of the claims raised by Appellees and that these rules further demonstrate Appellees, as the claimants, must initiate.

**{¶40}** On the other hand, Appellees contend because the agreement to arbitrate is silent as to how the arbitration is to be initiated, but otherwise requires application of AAA Rules, upon being served with a lawsuit either party may initiate. They rely on AAA Rule R-4(a)(ii), which dictates the filing requirements for arbitration commenced pursuant to a court order, as demonstrating that *either* party may be the party initiating arbitration. AAA Rule R-4(a)(ii)(c) states: "The party filing the Demand with the AAA is the claimant and the opposing party is the respondent *regardless of which party initiated the court*

Case Nos. 24 HA 0010, 24 HA 011, 24 HA 0012, 24 HA 0014

*action*.  Parties may request that the arbitrator alter the order of the proceedings if necessary pursuant to Rule R-33 [Conduct of Proceedings]."  (Emphasis added.)

**{¶41}** Although the plain language of the parties' lease agreement does not provide who must initiate arbitration, we conclude the AAA Rules, adopted by incorporation, do.  While a defendant *can* be the initiating party under the AAA Rules, under the facts present here, we agree Appellees must initiate based on Rule R-4 (a)(i), which sets forth the filing requirements when the initiation of arbitration is pursuant to a contract.

**{¶42}** The provision Appellees rely on identifies the claimant as the initiating party regardless of which party filed the lawsuit when the arbitration is pursuant to a court order.  A court order compelling arbitration is absent here.  Instead, Encino sought and was granted an order staying the trial court proceedings in light of the parties' contract containing an arbitration clause.

**{¶43}** Moreover, we find the inclusion of the provision indicating either party may initiate and be identified as the claimant (when the arbitration is pursuant to a court order in AAA Rule R-4(a)(ii)) highlights that this provision is not included under AAA Rule R-4(a)(i), which governs the initiation of arbitration under a contract.

**{¶44}** Additionally, the current version of the AAA Rules does not define "claimant."  The legal definition of the word "claimant" is "[s]omeone who asserts a right or demand, esp. formally; esp., one who asserts a property interest in land, chattels, or tangible things."  *Black's Law Dictionary* (12th ed. 2024).  We conclude Appellees are the claimants here since they are asserting a property interest to unpaid royalties under the parties' contract.

**{¶45}** Thus, in light of the parties' incorporation by reference and explicit adoption of the AAA as governing any contract disputes, these AAA provisions and terms dictate Appellees must initiate the arbitration since they are the parties seeking affirmative relief.  AAA Rule R-4 (a)(i).  *See In re Bruce Terminix Co.*, 988 S.W.2d 702, 705 (Tex.1998) ("placing the burden on the party against whom relief is sought would lead to [a] strange . . . reversal of the litigants' proper roles" when considering waiver of the right to arbitrate).

**{¶46}** Thus, by agreeing to the AAA Rules, Appellees agreed to place the burden of initiating arbitration on the party seeking relief.  Notwithstanding, because Encino

Case Nos. 24 HA 0010, 24 HA 011, 24 HA 0012, 24 HA 0014

moved the trial court for a stay of proceedings pending arbitration, we cannot compel Appellees to initiate it. *See Maestle v. Best Buy Co.,* 2003-Ohio-6465, ¶ 14 (explaining that Revised Code Chapter 2711 authorizes direct enforcement of arbitration agreements through an order to compel arbitration under R.C. 2711.03, and indirect enforcement of arbitration agreements pursuant to an order staying trial court proceedings under R.C. 2711.02.) A party may choose to move for a stay, petition for an order compelling arbitration, or seek both. *Id.* at ¶ 18.

**{¶47}** Accordingly, Encino's first and second assignments of error lack merit and are overruled.

**{¶48}** Appellants' fourth assignment of error states:

THE TRIAL COURT ERRED BY NOT ALLOWING APPELLANTS TO FILE A REPLY MEMORANDUM UNDER CIV.R. 6 BEFORE ISSUING A DECISION.

**{¶49}** Initially, Encino notes that this assignment of error applies only to the *Glick* and *Dunfee* appeals. Encino argues the trial court violated Civ.R. 6(C) by ruling on its motion to stay without giving it a chance to reply to Appellees' response.

**{¶50}** Encino filed motions to stay proceedings pending arbitration in *Glick* and *Dunfee* on October 10, 2024. Appellees filed responses that same day. The trial court issued its order the next day on October 11, 2024, before Encino had an opportunity to reply to Appellees' responses.

**{¶51}** Civ.R. 6(C)(1) provides in relevant part:

*Motion Responses and Movants' Replies Generally.* Responses to a written motion, other than motions for summary judgment, may be served within fourteen days after service of the motion. . . . A movant's reply to a response to any written motion may be served within seven days after service of the response to the motion.

Here, the trial court did not wait seven days after Encino was served with the response to their motion before it ruled and denied the motion. So the trial court did not adhere to Civ.R. 6(C)(1).

Case Nos. 24 HA 0010, 24 HA 011, 24 HA 0012, 24 HA 0014

**{¶52}** But this case is unique in that the four cases were pending at the same time with identical issue. Encino filed the reply to Appellees' response in two of the four cases (*Elite Land Management* and *Wolfe*) before the trial court issued its judgment denying the motion. And the trial court held a hearing on the motion in *Elite Land Management* where Encino presented their arguments, responded to Appellees' arguments, and answered the court's questions. Thus, practically speaking, Encino replied to Appellees' arguments.

**{¶53}** But, based on our resolution of Encino's other assignments of error, this fourth assignment of error is moot.

**{¶54}** In conclusion, the trial court's decision is affirmed to the extent the trial court granted Encino's motion to stay the proceedings pending arbitration.

**{¶55}** However, we reverse the trial court's decision in part and find the parties incorporated the AAA Rules by reference and these rules provide that the parties agreed the AAA shall administer the arbitration. The trial court erred to the extent it found the parties could hire a private arbitrator.

**{¶56}** As for the disagreement as to who must initiate the arbitration proceedings, to the extent Appellees are seeking affirmative relief, i.e., unpaid royalties, the AAA puts the onus on them to initiate the arbitration proceedings. Yet, we decline to issue an order compelling Appellees to initiate since Encino did not file a motion to compel with the trial court.

**{¶57}** Thus, we affirm the stay of the trial court proceedings pending arbitration but reverse the trial court's decision to the extent it concluded the parties could pursue arbitration with a private arbitrator.

Waite, J., concurs.

Robb, P.J., concurs.

Case Nos. 24 HA 0010, 24 HA 011, 24 HA 0012, 24 HA 0014

_____

For the reasons stated in the Opinion rendered herein, Encino's first and second assignments of error are overruled.  Encino's third assignment of error has merit and is sustained.  Encino's fourth assignment of error is moot.  It is the final judgment and order of this Court that the stay of the trial court proceedings pending arbitration is affirmed.  We reverse the trial court's decision to the extent it concluded the parties could pursue arbitration with a private arbitrator.  Costs to be taxed against the Appellees.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure.  It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**